On November 4, 1963, Mrs. Lester Tisdale visited the Sears, Roebuck Company Store in Laurel, Mississippi. She was accompanied by her youngest child, a six-year-old boy, and after purchasing clothing for her children, she went to the credit department located on the North side of the store building to make a payment on her account.
There were two entrances to the credit department, one on the West and the other on the South. She approached the credit department from the West entrance and after making a payment on her account, she turned to leave through the cased South *Page 917 
entrance to the credit department. When she had proceeded about 10 feet from the counter where she had made payment, she stepped on a bright red gum ball with her right foot. The gum ball slid from under her foot and she fell on her left knee and hip. An ambulance was called by an employee of the defendant, and the plaintiff was taken to Boone Clinic where she was examined and treated by Dr. Ellis, a general practitioner. There were no broken or fractured bones, but there was some swelling and discoloration around the left knee.
She continued to suffer pain from the knee primarily, and after being examined by Dr. Holder, an orthopaedic surgeon, her trouble was diagnosed as bursitis, which in her case was an inflammation of the bursa under the left knee cap. She took pain relieving drugs from time to time and there were six injections into the bursa of the left knee over a period of six months. The doctor finally advised that the only way to relieve this condition would be to surgically remove the bursa. She had not had this operation at the time of the trial. Her doctors', hospital and drug bills, thus far, amounted to about $200.00. There was a jury verdict for $30,000.00, and the defendant appealed from this verdict and judgment.
Mrs. Tisdale was an invitee in the defendant's store. The store owner owed to invitees the duty of exercising ordinary or reasonable care to see that the portions of the store premises which may be expected to be used by invitees are reasonably safe. Hence, the proprietor is under the duty to use ordinary care to have his premises in a reasonably safe condition for use in a manner consistent with the purposes of the invitation. Mississippi Winn-Dixie Supermarkets, Inc. v. Hughes, 247 Miss. 575, 156 So.2d 734 (1963).
Proof merely of the occurrence of a fall on a floor within business premises is insufficient to show negligence on the part of the proprietor. Proof that the floor on which the fall occurred had present thereon litter and debris is similarly insufficient; and the doctrine of res ipsa loquitur is inapplicable in cases of this kind. Annot., 61 A.L.R.2d 13 (1958).
The basis of liability is negligence and not injury. That the proprietor of a store or similar place of business is not an insurer of the safety of persons who come upon the business premises is a principle of the law of negligence so familiar and so well established as to obviate the necessity of citing supporting authority.
There was no proof whatsoever in this case that the gum ball on the floor was the result of an affirmative act of the store proprietor or any of his employees. So the rule of law as to negligence, which would apply in this case, is expressed by the Court in Mississippi Winn-Dixie Supermarkets, Inc. v. Hughes,247 Miss. 575, 584, 156 So.2d 734, 736 (1963), in these words:
 "`* * * where it appears that a floor in a store or similar place of business has been made dangerous by litter or debris present thereon, and that the presence of the litter or debris is traceable to persons for whom the proprietor is not responsible, proof that the proprietor was negligent in relation to the floor condition requires a showing that he had actual notice thereof, or that the condition existed for such a length of time that, in the exercise of reasonable care, he should have known of it.' Anno., 61 A.L.R.2d at 26; 2 A.L.I., Rest. of Torts, § 343; 38 Am.Jur., Negligence, § 136; 65 C.J.S. Negligence §§ 45, 51." (Emphasis added.)
In other words, there must be actual or constructive notice to the store owner. This may be proved by direct or circumstantial evidence, but it must be proved; otherwise, there would be no liability.
The gum ball machine in this case was located next to a dry goods counter just outside *Page 918 
of the West entrance to the credit department. It was owned by the Ford Gum Company and placed in the defendant's store through arrangements made by the local Kiwanis Club with the defendant. In fact, space for three such machines had been donated by the defendant as a part of its civic duty and responsibility. The entire profits from the operation of these gum ball machines went to the Ford Gum Company and the local Kiwanis Club. The defendant received no part of the profits, nor did the defendant sell gum in this shape or form anywhere in the store.
The servicing of these gum ball machines was performed off of the store premises and each dispensing unit was locked on its supporting stand. Neither the defendant nor any of its employees had a key to any of these dispensing units or machines. The key was in the possession of an independent servicing firm employed by the Ford Gum Company.
The plaintiff contends that the defendant knew that gum balls on the floor would create a dangerous and hazardous condition, and that a fall and subsequent injury could have been foreseen as a probability. The proof was that the store manager, Defendant Manners, during the preceding three years had picked up three gum balls on the floor, but there was no proof that anyone had ever been injured in any shape, form or fashion by a gum ball. We do not think that a gum ball could be termed a dangerous instrument per se. While the testimony was that 147 of these gum ball machines had been placed in Laurel alone, and while undoubtedly thousands have been placed throughout the United States, not one single case of injury was cited by counsel for the plaintiff or defendant in their briefs or oral arguments.
There was no actual notice to the defendant of the presence of this particular gum ball on the floor.
What about constructive notice? Well, on Monday morning, November 4, 1963, the morning of the plaintiff's fall, two porters had cleaned the hard and smooth terrazzo aisle with dry mops.
Mr. Lou Manners, the store manager, testified that all of the employees were safety conscious, and were periodically so instructed. They were instructed to pick up any litter or foreign objects that they noticed on the floor at any time. The gum ball was bright red in color, while the floor was a mottled and speckled dark green, so the gum ball and floor were of decidedly different and contrasting colors.
Mr. John Hester, advertising manager, was in the area where Mrs. Tisdale fell about an hour before. He did not see a gum ball on the floor and acknowledged that his instructions were to pick up any debris or foreign objects on the floor and that he always followed through on these instructions.
Mrs. Bernice Graves, the personnel manager, had passed through the area where the plaintiff fell just ten or fifteen minutes prior to her fall. She did not observe a gum ball on the floor at that time.
There is neither direct or circumstantial evidence that the gum ball had been on the floor for such a length of time that in the exercise of reasonable care, the store manager or his employees should have known it.
Each case of this kind must be judged and decided on the evidence adduced and the facts proved in that particular case. There is no basis for liability on the facts proved and the evidence adduced in this case. The trial judge should have granted a peremptory instruction for the defendants.
The judgment is, therefore, reversed and judgment rendered here for the defendants.
Reversed and judgment rendered here for defendants.
GILLESPIE, P.J., and BRADY, PATTERSON and SMITH, JJ., concur. *Page 919