Evelyn MERRITT, Plaintiff

v.

WAL–MART STORES, INC., Defendant.

No. 2:94–CV–445PS.

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

Dec. 28, 1995.

John R. Santa Cruz, Gulfport, MS, for plaintiff.

Robert J. Dambrino, III, Aultman, Tyner, McNeese & Ruffin, Hattiesburg, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

This matter is before the Court on Defendant's Motion for Summary Judgment. The Court, having reviewed the briefs of the parties, the authorities cited, and being otherwise fully advised in the premises, finds as follows, to-wit:

### FACTUAL BACKGROUND

On January 3, 1992 Evelyn Merritt slipped and fell in Wal–Mart Store No. 916, a retail establishment located in Hattiesburg, Mississippi. The undisputed facts reveal that the incident occurred at the snack bar—more specifically, in front of a self-service ice and drink dispenser. Marguerite Parsons (an off-duty Wal–Mart sales associate), Frank R. Brown and Phyllis Brown (customers) witnessed the fall and the events leading up to it. Just prior to the accident a small child got a drink and in the process of doing so, he spilled soda and/or ice on the floor in front of the drink dispenser. Ms. Parsons testified that she reacted promptly; she grabbed napkins and approached the area of the spill, intending to clean it up. However, before she could do so, Ms. Merritt walked through the line, slipped and fell on the spill. Ms. Parsons admits that she did not call out a warning to Ms. Merritt; however, she maintains there was no time to do so. She testi-

fied that all of the above occurred less than a minute after the spill. Mr. Brown's testimony substantially corroborates that of Ms. Parsons. Ms. Brown went through the line just ahead of Ms. Merritt; she testified that she did not notice a small child, although she did witness the fall.

Parson's testimony and that of the store manager, Roy Flake, reveal that the store's safety policy required employees to take immediate action to clean up spills and other hazards. They further testified that the flooring in the snack bar was of smooth tile and that there were no carpets or other nonskid materials in front of the drink dispenser.

As a result of her fall, Ms. Merritt suffered a herniated disk in her neck, an injury which required corrective surgery. Ms. Merritt filed suit alleging negligence as a theory of recovery. Defendants filed this Motion for Summary Judgment and contend Plaintiff is incapable of establishing an essential element of her case: negligence.

### STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir.1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality' only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light more favorable to the nonmoving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir.1984).

The moving party has the duty to demonstrate the lack of genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir.1982). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir.1978). In other words, the "nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In re Municipal Bond Reporting Antitrust Litig.*, 672 F.2d 436 (5th Cir.1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *see also Union Planters Nat'l Leasing v. Woods*, 687 F.2d at 119.

### LEGAL ARGUMENTS

 Plaintiff was present on Defendant's premises as a business invitee. As such, Defendant owed Plaintiff a duty to maintain its premises in a reasonably safe condition and to warn Plaintiff of possible dangers. *Jerry Lee's Grocery, Inc. v.*

*Thompson,* 528 So.2d 293, 295 (Miss.1988). However, Defendant is not an insurer against all injuries which may occur on its premises. *Id.* Thus, before Plaintiff may recover, she must establish negligence on the part of the Defendant. *Sears, Roebuck & Company v. Tisdale,* 185 So.2d 916, 917 (Miss.1966).

> In order for a plaintiff to recover in a slip-and-fall case, he must (1) show that some negligent act of the defendant caused his injury; or, (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or, (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition.

*Downs v. Choo,* 656 So.2d 84, 86 (Miss.1995) (citation omitted).

### THE SPILL

Defendant contends that because the spill which contributed to the fall was caused by a third person, only the latter two avenues of imposing liability are available to Plaintiff. *Jerry Lee's Grocery,* 528 So.2d at 295 (Miss. 1988). Defendant admits Marguerite Parson's knowledge of the hazardous condition suffices to impute knowledge to the Defendant.

However, Defendant strongly argues that the few seconds between the time of the spill and Plaintiff's accident do not, as a matter of law, amount to the reasonable time and opportunity necessary to remedy the condition. Wal–Mart points to the uncontroverted facts that Parsons acted immediately in an effort to remedy the condition. Parsons further testified that she neither saw the Plaintiff nor had time to warn her prior to the incident. Defendant points to *J.C. Penney Company v. Sumrall,* 318 So.2d 829 (Miss.1975) to support its argument.

In *J.C. Penney Company,* a customer became ill in the vestibule of the store and threw up. An employee witnessed the incident and telephoned the custodian to clean it immediately. Upon completing the call, the same employee approached the area in question; however, a customer entered the store and slipped on the vomit and fell before the employee could act to warn her. Judgment was for the Plaintiff. On appeal the Mississippi Supreme Court reversed, finding that "J.C. Penney Company did all they could within the limited few seconds, after having knowledge of the dangerous situation, to eradicate the danger to customers and within seconds to go to the place of danger with a paper to cover [it]." *Id.* at 832. Defendant urges the Court to recognize the similarities between the two cases and the complete absence of any proof tending to establish that Wal–Mart might have removed the spilled drink and/or ice from the floor or warned Plaintiff in time to prevent the accident.

█ Plaintiff argues in rebuttal that Defendant was negligent in more than one respect. In the first instance, Plaintiff points to Ms. Parsons' awareness of the spill "as much as a minute" prior to the accident and the fact that she made no effort to warn Plaintiff of the condition within that time period. Plaintiff also points to the failure of Wal–Mart's safety policy to expressly include an instruction to employees to warn of potential hazards. In deciding a motion for summary judgment the Court has a duty to view the evidence in the light most favorable to the non-moving party. However, given the facts at bar and the holding of the Mississippi Supreme Court in *J.C. Penney Company,* this Court is obliged to find that Defendant did not breach its duty to warn of a hazardous condition as to this single isolated spill. This Court concludes that *J.C. Penney Company* is controlling and that no liability can be imposed on Defendant because of action on the part of Ms. Parsons. Under *J.C. Penney Company* she did all that was required as to this specific spill.

### UNREASONABLY SAFE AREA

Plaintiff's allegation that Defendant created an unreasonably safe area presents a totally different question. Plaintiff urges that Wal–Mart is liable for the unreasonably dangerous condition of the snack bar area. Plaintiff's safety expert testified in deposition that the lack of a non-skid surface in the area of the drink dispenser and the failure of Defendant to post signs warning of the potential danger create an unreasonably dan-

gerous condition which caused Ms. Merritt's fall and subsequent injury.

Plaintiff's expert opines "it was economically and technically feasible for the owners, operators, and managers of this facility to have taken remedial action to have prevented this condition from existing. This could have been done by, among other ways, installing commercially available slip matting with high drainage characteristics. The cost of this type material varies from four dollars to five dollars per square foot ... Had the non-slip self-draining matting been in place, the fall and resulting injuries to Ms. Merritt would not have occurred."

Plaintiff cites to *Ciminski v. Finn Corp. Inc.*, 13 Wash.App. 815, 537 P.2d 850 (1975), in an effort to persuade the Court that operators of self-service establishments have a duty to take reasonable precautions to protect customers against a general category of hazards caused by other customers which should have been reasonably foreseeable. She further cites to *F.W. Woolworth Co. v. Stokes*, 191 So.2d 411 (Miss.1966) and argues that Mississippi has adopted the same rule of law.

In *Ciminski*, the Court held:

As the above discussion shows, an owner of a self-service establishment ha[s] actual notice that his mode of operation creates certain risks of harm to his customers. Since a self-service operation involves the reasonable probability that these risks will occur, these risks are foreseeable. Thus, it is not necessary to show actual or constructive notice of the specific hazard causing injury, and it becomes the task of the jury to determine whether the proprietor has taken all reasonable precautions necessary to protect his invitees from these foreseeable risks.

. . . .

... Requiring the owner of a self-service operation to exercise reasonable care in protecting his business invitees from the foreseeable risks of his method of doing business does not make such owner an insurer of those on his premises. If he has taken all precautions reasonably necessary to protect his invitees from injury, he is not liable merely because someone is injured on his property.

537 P.2d at 854–855.

The *Ciminski* court further stated:

The different circumstances presented in the self-service operation may require the owner to take different methods to protect his invitees. For example, the flooring substance should be chosen with the fact in mind that customers handling food will be passing over it. Another important element is the housekeeping procedures which the owner has instituted to discover and remove conditions which may cause injury. What is reasonable necessary in a particular situation, of course, is to be determined by the jury. In many instances, such things as a system of regular inspections of areas susceptible to the accumulation of debris, perhaps by someone specifically responsible for such a task, may be considered necessary.

*Id.* at 854.

In *Woolworth*, 191 So.2d 411 (Miss.1966), the Court wrote, " 'In brief, the test of liability is not danger, but negligence, which is the failure of defendant to take such reasonable care as should be taken by prudent men.' " 191 So.2d at 415 (citation omitted).

*We are of the opinion that when plaintiff has shown that the circumstances were such as to create a reasonable probability that the dangerous condition would occur, he need not also prove actual or constructive notice of the specific condition,* in this instance a specific puddle of water.

. . . .

In our view, the liability of a storekeeper in this type of case does not turn on whether the water on or dampness of the floor was tracked in by other customers. It turns on whether, under the circumstances, the storekeeper has exercised ordinary care to prevent a hazardous condition on his premises, or, if there was such condition, whether he exercised ordinary care to correct it after he knew, or by the exercise of ordinary care should have known, of its existence.

*Id.* at 416–417 (emphasis added) (citations omitted).

Shortly after *Woolworth*, the Mississippi Supreme Court was requested to follow the *Ciminski* rationale. Without deciding whether to adopt the *Ciminski* rationale, the Mississippi Supreme Court assumed such [1] and found that under the facts of that particular case, defendant had taken reasonable precautions, saying, "Even *Ciminski* only requires that he take reasonable precautions." *Millers of Jackson, Meadowbrook Road v. Newell,* 341 So.2d 101 (Miss.1977) at 103.

One of the Mississippi Supreme Court's most recent pronouncements on slip and fall cases is found in the *Choo* decision, *supra.* In that case, a narrowly divided Court held that the trial court erred in granting a motion for summary judgment in a case in which a 68 year old plaintiff fell when he slipped on a banana in defendant's store. Plaintiff testified the "banana was dark in color." There was no other indication of how long the banana had been on the floor. The defendant rebutted with evidence that it had taken proper precautions to survey and keep the area clean and that the banana thus could not have been on the floor for very long. The majority in that case held:

> If there is a doubt as to whether there exists a genuine issue of material fact, the non-movant receives the benefit of that doubt.
>
> ... Finally, it is reversible error for a trial court to substitute its summary judgment for a jury's consideration of disputed factual issues if material to the case.
>
> . . . .
>
> Additionally, this Court has recently revisited our law on the comparative negligence standard. In *Tharp v. Bunge,* 641 So.2d 20, 23 (Miss.1994), this Court recognized that:
>
> > Mississippi led the nation at the turn of this century by being the first state to adopt a pure comparative negligence standard. Mississippi Code Ann. § 11–7–17 (1972) reads that "all questions of negligence and contributory negligence shall be for the jury to determine." For

the open and obvious defense to be a complete bar to a negligence claim, the plaintiff must be one hundred percent (100%) negligent himself.

. . . .

More recently in *Tate v. Southern Jitney Jungle Co.,* 650 So.2d 1347 (Miss. 1995), this Court reaffirmed "that the open and obvious doctrine is not a complete defense to negligent actions in premises liability cases where the condition complained of is unreasonably dangerous."

*The parties here should have the benefit of this change in our jurisprudence.*

*Choo,* 656 So.2d at 85–87 (citations omitted) (emphasis added).

This Court would note a few things about the Mississippi law on slip and fall cases. First, for a number of years the Mississippi Supreme Court has consistently held that in order for a plaintiff to recover in a slip and fall case, he must prove one of three things: (1) that the defendant created the dangerous condition, (2) that defendant had actual knowledge of the dangerous condition and failed to warn the plaintiff or to remedy the situation, or (3) that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant. It appears to this Court that although the Mississippi Supreme Court has been consistent in its holding as to what the law is, the application of this law to the facts of the respective cases has not always been consistent. Sometimes the Court would hold that the plaintiff had created a jury issue and in other cases the Supreme Court would hold that plaintiff had not created a jury issue. This Court has not always been able to recognize the distinction in those holdings.

The second thing this Court would note about the Mississippi Supreme Court holdings is that although the open and obvious defense was not raised in the *Choo* case, as it has not been raised in this case, nevertheless the Mississippi Supreme Court emphasized rather strongly that the Mississippi law as to open and obvious had recently changed.

---

**1.** *"Assuming, without deciding,* that the operator of a self-service business has a general duty ... to protect his customers against a general category of hazards caused by other customers, ... we must conclude that such reasonable precautions were taken in this case." *Millers of Jackson, Meadowbrook Road v. Newell,* 341 So.2d 101, 103 (Miss.1977) (emphasis added).

Again, the Court held, "The parties here should have the benefit of this *change* in our jurisprudence." 656 So.2d at 87 (emphasis added). Since the open and obvious defense was not raised in *Choo*, but the Court nevertheless raised it and emphasized that this represented a change in Mississippi law, it seems to this Court that the Mississippi Supreme Court was signaling that these cases should be decided based on a jury decision relative to comparative negligence and not on summary judgment. That seems to this Court to be the decided trend in the last few cases decided by the Mississippi Supreme Court. On September 14, 1995, the Mississippi Supreme Court handed down its most recent case on slip and fall, *Fulton v. Robinson Industries, Inc.,* 664 So.2d 170 (Miss. 1995). Immediately prior to *Fulton,* the Mississippi Supreme Court reversed a number of lower court decisions which granted summary judgment in slip and fall cases. Due to the particular facts of *Fulton,* the Court affirmed the lower court's grant of summary judgment but on grounds different that those relied upon by the lower court. *Fulton* dealt with slip and fall cases relating to snow and ice. The Court again gave a good summary of the current Mississippi law and held:

> An owner or operator of a business still owes a duty to an invitee to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or warn of dangerous conditions not readily apparent, which owner or occupant knows of, or should know of, in the exercise of reasonable care. The invitee is still required to use in the interest of his own safety that degree of care and prudence which a person or ordinary intelligence would exercise under the same or similar circumstance.
>
> It is important to restate this law because it may have been forgotten in the aftermath of *Tharp.* The law still revolves around what the owner can "anticipate" or "expect," or what is "usual."
>
> ... [I]f an invitee is injured by an artificial/man-made condition on an adjacent or *internal part of the business premises, then there is a jury question* as to the openness and obviousness of the danger.

*Id.* at 175 (emphasis added).

Although this most recent decision of the Mississippi Supreme Court affirmed the grant of summary judgment, the rationale in that case is consistent with *Choo* and dictates the result arrived at by this Court. The Plaintiff alleges that she was injured by "an artificial/man-made condition," i.e., the manner in which Defendant constructed its self-service drink and ice dispensing area including the failure to utilize non-skid mats. Under the teachings of *Fulton* and *Choo,* this case is clearly a case for the jury.

Although this Court has been unable to find a case in which the Mississippi Supreme Court has specifically held whether an operator of a self-service food or drink bar has any greater duty than any other proprietor, the Mississippi Supreme Court has repeatedly held that one of the theories upon which a plaintiff can recover in a slip and fall case is to establish that the defendant was negligent or created an unreasonably dangerous situation. The opinions are unanimous in that holding. Plaintiff's expert creates an issue of fact as to whether Defendant created an unreasonably safe condition with its self-service drink area without non-skid matting. Again, in the *Choo* decision, the Mississippi Supreme Court specifically pointed out "if there is a doubt as to whether there exists a genuine issue of material fact, the non-movant receives the benefit of that doubt." 656 So.2d at 85. And as the Mississippi Court has consistently held, the question is whether the Defendant has taken " 'such reasonable care as should be taken by prudent men.' " 191 So.2d at 415. Plaintiff's expert testimony creates a question for the jury.

 Since in some aspects, this appears to be a case of first impression, if this Court had the authority to certify this question to the Mississippi Supreme Court it would do so. However, since this Court does not have the such authority, it will follow what it perceives to be the Mississippi Supreme Court's interpretation of the law in this area as indicated by its recent decisions in *Choo* and *Fulton.*

### CONCLUSION

For the above reasons, the Plaintiff is not entitled to present to the jury the question of

whether Defendant took adequate action after the ice and water was spilled on the floor as to this specific incident, but the Plaintiff is entitled to go to the jury on the question of whether Defendant created an unreasonably safe area as testified to by Plaintiff's expert. Accordingly, Defendant's Motion for Summary Judgment is granted in part and denied in part. A separate judgment will be entered in accordance with the requirements of Rule 58 as to that portion of the complaint being dismissed.

SO ORDERED AND ADJUDGED.