¶ 1. Shirley Byrne appeals from a summary judgment motion granted by the Wayne County Circuit Court in favor of Wal-Mart Stores, Inc. (Wal-Mart) and Andrew Lightsey. On November 2, 2000, Byrne filed a premises liability lawsuit against Wal-Mart and two of its employees, Andrew Lightsey and Jane Doe, to recover for injuries she allegedly sustained when she slipped on an unidentified substance, thought to be a cookie, causing injury to her back and knee. On June 17, 2002, a motion for summary judgment was made by the defendants. The trial court granted the summary judgment after it determined that Byrne failed to show either that Wal-Mart caused her injury through its own negligence or that Wal-Mart had actual or constructive knowledge of the cookie's being on the floor. From the trial court's grant of Wal-Mart's summary judgment motion, Byrne appeals and raises three issues.
 ISSUES PRESENTED
I. Did the trial court err in granting summary judgment for Wal-Mart and Andrew Lightsey?
II. Did the trial court err in failing to apply the "mode of operation" theory to the present case?
III. Did the trial court err in failing to apply the "no alternative route" theory to the present case?
 STATEMENT OF FACTS ¶ 2. The undisputed facts in this case are that Byrne was shopping in Wal-Mart on April 8, 1998. While walking through the ladies' apparel department on her way to the front of the store, Byrne stepped on an unidentified substance, thought to be a cookie, causing her to injure her back and knee. Byrne filed suit against Wal-Mart and two employees, Andrew Lightsey, Wal-Mart's manager, and Jane Doe on November 7, 2000. On June 17, 2002, a motion for summary judgment was made by the defendants. The trial court considered arguments from both sides and subsequently granted the defendants' motion for summary judgment. Finding no genuine issue of material fact and that the defendants are entitled to a judgment as a matter of law, we affirm.
 STANDARD OF REVIEW ¶ 3. When reviewing a lower court's granting of summary judgment, this court employs a de novo standard of review. Young v. Wendy's Int'l,Inc., 840 So.2d 782, 783 (¶ 3) (Miss.Ct.App. 2003) (citing Hudsonv. Courtesy Motors, 794 So.2d 999, 1002 (¶ 7) (Miss. 2001)). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine *Page 465 
issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Piggly Wiggly of Greenwood, Inc. v. Fipps,809 So.2d 722, 725 (¶ 9) (Miss.Ct.App. 2001) (citing M.R.C.P. 56(c);Singleton v. Ratliff, 757 So.2d 1098 (¶ 6) (Miss.Ct.App. 1999)). The burden rests on the moving party to show that no genuine issue of material fact exists, while the benefit of reasonable doubt is given to the non-moving party. Young, 840 So.2d at 784. Also, "the trial court must view all the evidence in the light most favorable to the non-movant." Id. (citing Brown v. Credit Center, Inc., 444 So.2d 358, 363
(Miss. 1983)). The non-moving party cannot sit back and produce no evidence. To survive summary judgment, the non-moving party must offer "significant probative evidence demonstrating the existence of a triable issue of fact." Id. (citing Newell v. Hinton, 556 So.2d 1037, 1041-42
(Miss. 1990)).
 LEGAL ANALYSIS
I. THE TRIAL COURT DID NOT COMMIT ERROR BY GRANTING SUMMARY JUDGMENT FOR WAL-MART AND ANDREW LIGHTSEY
 ¶ 4. As her first issue, Byrne asserts that the trial court erred by granting summary judgment for the defendants. Byrne argues that the trial court improperly substituted its own judgment for that of the jury on issues concerning the nature, condition, identity and length of time the unidentified substance that led to her injuries was on the floor.
 ¶ 5. This cause of action is one of negligence, particularly premises liability. The standard of proof for this type of action was outlined in the case of Downs v. Choo, 656 So.2d 84, 86 (Miss. 1995). According toDowns, in order to succeed in a premises liability action, the plaintiff must prove one of three things: (1) a negligent act by the defendant caused the plaintiff's injury; or, (2) that defendant had actual knowledge of a dangerous condition, but failed to warn the plaintiff of the danger; or, (3) the dangerous condition remained long enough to impute constructive knowledge to the defendant. Downs, 656 So.2d at 86;see also Drennan v. Kroger, 672 So.2d 1168, 1170 (Miss. 1996); Young,840 So.2d at 784.
 ¶ 6. To meet the first prong of Downs, Byrne needed to produce evidence that demonstrated the defendants' negligence with regard to the unidentified object that allegedly led to her injuries. The duty of a store owner to its invitees has repeatedly been cited as a duty to exercise ordinary care and to keep the premises reasonably safe while warning invitees of dangerous conditions known to the store owner.Munford Inc. v. Fleming, 597 So.2d 1282, 1284 (Miss. 1992). However, the store owner is not an insurer of business invitees' injuries. Sears,Roebuck Co. v. Tisdale, 185 So.2d 916, 917 (Miss. 1966). In Sears,Roebuck, the court stated, "The basis of liability is negligence and not injury. Proof merely of the occurrence of a fall on a floor within business premises is insufficient to show negligence on the part of the proprietor. Proof that the floor on which the fall occurred had present thereon litter and debris is similarly insufficient." Id. at 917. In the case, sub judice, Byrne failed to produce evidence that the defendants breached the duty owed to her as a business invitee.
 ¶ 7. Byrne failed to produce any proof that the object which caused her injury was the result of an affirmative act by Wal-Mart or Andrew Lightsey, as manager. In fact, she stated in her deposition that she did not know how the cookie came to be on the floor. The Wal-Mart employees who were deposed stated that they too *Page 466 
did not know how the cookie got on the floor. Byrne did not offer any proof that met her burden under the first prong of Downs. However, she could still survive summary judgment by proving that Wal-Mart or Andrew Lightsey had actual or constructive knowledge of the dangerous condition.
 ¶ 8. In the case of Miss. Winn-Dixie Supermarkets, Inc. v. Hughes,247 Miss. 575, 584, 156 So.2d 734, 736 (1963), the court stated:
 Where it appears that a floor in a store or similar place of business has been made dangerous by litter or debris present thereon, and that the presence of the litter or debris is traceable to persons for whom the proprietor is not responsible, proof that the proprietor was negligent in relation to the floor condition requires a showing that he had actual notice thereof, or that the condition existed for such a length of time that, in the exercise of reasonable care, he should have known of it.
 ¶ 9. No proof was offered that the defendants had actual knowledge of the cookie's being on the floor. In fact, there was no possible way that Andrew Lightsey had actual knowledge because, according to his deposition, he was not at work on the day of Byrne's injury. Constructive knowledge is imputed to the store by a showing of the length of time the dangerous condition existed prior to the plaintiff's injury. Waller v.Dixieland Food Stores, Inc., 492 So.2d 283, 285 (Miss. 1986). Based on the length of time the condition was present, the store owner exercising reasonable care should have known of its existence. Id. There was no proof offered by Byrne on this matter either. She stated in her deposition that she did not know how long the cookie had been on the floor and that she did not take a good look to see what type of object caused her injury. Byrne failed to show that the object was on the floor long enough for the defendants to have notice and remedy the situation.
 ¶ 10. To determine whether a summary judgment motion was properly granted, we look to the pleadings, depositions, admissions, answers to interrogatories, and affidavits of each claim. M.R.C.P. 56(c). The facts of each case of this type must be carefully reviewed in order to determine if the burden of proof has been met. Sears, 185 So.2d at 918. There is a striking lack of evidence in the present case. The appellate courts of this state have previously reversed summary judgments in premises liability cases. See Hardy By and Through Hardy v. K-Mart Corp.,669 So.2d 34 (Miss. 1996); Ducksworth v. Wal-Mart, 832 So.2d 1260
(Miss.Ct.App. 2002). However, those cases presented the court with genuine issues of material fact and summary judgment should have been denied. In the case, sub judice, the trial court committed no error by granting the summary judgment motion because Byrne failed to sustain her burden of proof by showing that genuine issues of material fact existed for the court's consideration.
II. THE TRIAL COURT DID NOT COMMIT ERROR BY FAILING TO APPLY THE "MODE OF OPERATION" THEORY TO THE PRESENT CASE
 ¶ 11. As her second issue, Byrne asserts that the trial court committed error by failing to apply the "mode of operation" theory to the present case. Byrne relies on the case of Merritt v. Wal-Mart Stores,Inc., 911 F. Supp. 242 (S.D. Miss. 1995) for her argument that she did not need to prove actual or constructive notice. In her appellate brief, Byrne asserts that Mississippi has adopted a rule that when an owner of a self-service establishment has actual notice that his mode of operation creates certain risks of harm to customers, and those risks are foreseeable, it is not necessary for the plaintiff to prove *Page 467 
notice of the hazard that caused the injury. Byrne asserts that by allowing customers to walk around its store with food, Wal-Mart is involved in a mode of operation that creates unreasonable risks for its business invitees.
 ¶ 12. Byrne's reliance on Merritt is misplaced because that case was decided on completely different facts. Merritt was a slip and fall case where the plaintiff slipped due to liquid spilled from a self-service drink area in the absence of slip-resistant mats. Merritt,911 F. Supp. at 242. The court held that a jury question existed as to whether the store created an unreasonably safe condition by failing to provide nonskid mats near the drink dispenser. Id. at 247. Byrne wants this court to extend Merritt's limited holding to the entire area of the defendant's store. By accepting Byrne's argument, we would be subjecting store owners who allow customers to walk around the store with food, toys or other potentially "dangerous objects" to a strict liability standard. Even theMerritt case recognized a store owner's duty to business invitees as a duty of ordinary care to keep the premises in a reasonably safe condition, a negligence standard. Id. at 243. Reasonably safe does not mean completely risk free. The evidence in this case demonstrates that Wal-Mart employees conduct safety sweeps and clean-ups to ensure that areas of the store are free from debris.
 ¶ 13. Byrne cites the Merritt case as her sole authority in this state. Our state courts have yet to adopt the "mode of operation" theory, and we decline the invitation to set aside years of precedent in premises liability cases to adopt a new rule. Byrne's case is one which falls squarely in line with the three-part test of Downs and its progeny. Based on the foregoing, the trial court did not commit error by failing to apply the "mode of operation" theory to the present case.
III. THE TRIAL COURT DID NOT COMMIT ERROR BY FAILING TO APPLY THE "NO ALTERNATE ROUTE" THEORY TO THE PRESENT CASE
 ¶ 14. Byrne asserts that the trial court erred by failing to apply the "no alternate route" theory to her case. She relies on the case ofBaptiste v. Jitney Jungle Stores of Am., Inc., 651 So.2d 1063 (Miss. 1995) as her authority for this point. Byrne asserts that a Wal-Mart employee, Jane Doe, blocked her way down an aisle, so she was forced to take an alternate route to reach the check-out counter. When Byrne took the route through ladies' clothing, the incident resulting in her injuries occurred. The central holding of Baptiste was that the open and obvious doctrine was to be replaced with comparative negligence. Id.
at 1067. Byrne's reliance on Baptiste is misplaced because the facts of her case differ significantly from Baptiste and the law from that case does not support her cause of action.
 ¶ 15. In the Baptiste case, a delivery man tripped on debris left in Jitney Jungle's entrance as he was attempting to enter the store to make his delivery. Baptiste, 651 So.2d at 1064. The court held that summary judgment was improper where the open and obvious defense was used to negate the plaintiff's claim. Id. at 1067. After finding a genuine issue a material fact, the case was reversed and remanded for a trial on comparative negligence standards. Id.
 ¶ 16. The central holding from Baptiste was the reiteration of the abolition of the open and obvious defense and the substitution of comparative negligence. Baptiste did not create a rule stating that whenever a store owner blocks a route of egress, forcing an invitee to take an alternate route, and an injury occurs liability to the store owner follows. The facts of Byrne's claim are not the same as the facts in *Page 468 Baptiste. The owner's knowledge of the dangerous condition is the key to duty and liability. Byrne provided no proof that Wal-Mart had any knowledge that the cookie was placed on the floor. Byrne testified in her deposition that the object was under a clothing rack, it was dark in the area in which she was walking, and that she did not notice the object until she stepped on it. There was no proof that Wal-Mart knew or should have known of the presence of the cookie on the floor and therefore should have warned patrons of its existence or provided patrons an alternate way around it. The holding of Baptiste is inapplicable to the present case. The trial court did not commit error by failing to apply the "no alternate route" theory.
 ¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY GRANTINGSUMMARY JUDGMENT IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THEAPPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, LEE,IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.