# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00589-COA

| | |
|---|---|
| **SETH WILSON, BY AND THROUGH HIS MOTHER AND NEXT FRIEND, SUZETTE WILSON PURSER** | **APPELLANT** |
| v. | |
| **WAL-MART STORES, INC.** | **APPELLEE** |

| | |
|---|---|
| DATE OF JUDGMENT: | 04/04/2014 |
| TRIAL JUDGE: | HON. SMITH MURPHEY |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | D. BRIGGS SMITH JR. |
| ATTORNEYS FOR APPELLEE: | THOMAS M. LOUIS |
| | LEO JOSEPH CARMODY JR. |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | GRANTED SUMMARY JUDGMENT FOR DEFENDANT/APPELLEE |
| DISPOSITION: | AFFIRMED - 04/21/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND MAXWELL, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.    In this premises-liability case, we must determine whether summary judgment was appropriately granted in favor of Wal-Mart Stores Inc.  We find summary judgment was proper; thus, we affirm.

FACTS AND PROCEDURAL HISTORY

¶2.    On April 29, 2012, ten-year-old Seth Wilson, his brother, Wyatt Purser, and his step-father, Jim Purser, went to a Wal-Mart store in Batesville, Mississippi, to purchase a

basketball. While Jim was paying for the basketball at a nearby register, Seth and his brother started looking at the bicycles. They both got on bicycles that were on the bicycle rack, and started riding up and down the aisles nearby. The bicycle Seth rode was on the ground when he found it, with its front wheel pushed under the rack and its back wheel in the aisle. Seth was following Wyatt on his bicycle when Wyatt slowed down to put the bicycle he was riding away. Seth was forced to go around him because he was "going real fast" and "[could not] figure out how to stop." He tried to brake using the pedals, but the bicycle only had handbrakes. Unable to stop, Seth ran into a wall and cut his leg on a shelf. The cut was deep and required stitches. The employee assigned to the department was outside at the time of the accident, and no signs were posted prohibiting the use of the bicycles or otherwise warning of any danger.

¶3.    Suzette Purser, Seth's mother, filed suit on his behalf on September 14, 2012, alleging negligence on the part of Wal-Mart in failing to keep the premises reasonably safe and warn of danger. After discovery was completed, Wal-Mart filed a motion for summary judgment. Seth filed a response, and Wal-Mart replied. After a hearing, the trial court granted Wal-Mart's motion, finding that no genuine issue of material fact existed because Seth failed to show the existence of a dangerous condition. Seth filed a motion to reconsider, which was denied. Seth now appeals asserting the trial court erred in granting Wal-Mart's motion for summary judgment.

STANDARD OF REVIEW

¶4.    In considering a trial court's grant of a motion for summary judgment, this Court

2

conducts a de novo review and "examines all the evidentiary matters before it – admissions in pleadings, answers to interrogatories, depositions, affidavits, etc." *City of Jackson v. Sutton*, 797 So. 2d 977, 979 (¶7) (Miss. 2001) (citation omitted). The Mississippi Supreme Court recently clarified the summary-judgment standard, explaining that "[t]he movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to [a] judgment as a matter of law." *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 88 (¶11) (Miss. 2013) (citation omitted). The supreme court further stated that "[t]he movant bears the burden of production if, at trial, he would bear the burden of proof on the issue raised. In other words, the movant only bears the burden of production where [he] would bear the burden of proof at trial." *Id*. at 88-89 (¶11) (citations omitted). The supreme court again clarified that "while [d]efendants carry the initial burden of persuading the trial judge that no issue of material fact exists and that they are entitled to summary judgment based upon the established facts, [the plaintiff] carries the burden of producing sufficient evidence of the essential elements of [his] claim at the summary-judgment stage, as [he] would carry the burden of production at trial." *Id*. at 89 (¶13).

## DISCUSSION

¶5.     To determine whether Wal-Mart is entitled to summary judgment on Seth's premises-liability claim, this Court must (1) determine the status of the injured person as either an invitee, licensee, or trespasser, (2) assess, based on the injured party's status, what duty the landowner or business operator owed to the injured party, and (3) determine whether the

3

landowner or business operator breached the duty owed to the injured party. *Titus v. Williams*, 844 So. 2d 459, 467 (¶28) (Miss. 2003).

¶6. It is undisputed that Seth was a business invitee. "A business owner/operator owes to invitees the duty to keep the premises reasonably safe, and when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view." *Rod v. Home Depot USA Inc.*, 931 So. 2d 692, 694 (¶10) (Miss. Ct. App. 2006) (citation and internal quotation marks omitted). To succeed in a premises-liability action, Seth must prove one of the following: "(1) a negligent act by [Wal-Mart] caused [his] injury; or, (2) that [Wal-Mart] had actual knowledge of a dangerous condition, but failed to warn [him] of the danger; or, (3) the dangerous condition remained long enough to impute constructive knowledge to [Wal-Mart]." *Byrne v. Wal-Mart Stores Inc.*, 877 So. 2d 462, 465 (¶5) (Miss. Ct. App. 2003) (citation omitted). A business owner, however, is not an insurer of an invitee's injuries. *Id*. at (¶6).

¶7. Whether Wal-Mart breached its duty to keep the premises reasonably safe or otherwise warn of a hidden danger necessarily depends on whether a dangerous condition existed. Seth argues that whether an unlocked or readily available bicycle on the sales floor constituted a dangerous condition was a genuine issue of material fact that should have been submitted to a jury. To avoid summary judgment, however, Seth must produce sufficient evidence of the essential elements of a claim of negligence – duty, breach, causation, and damages.

¶8. Seth contends that leaving unlocked or readily accessible bicycles on the sales floor

4

created a dangerous condition. He argues that (1) Wal-Mart's possession of a rack on which to clamp the bicycles, (2) the assignment of an employee to the toy department, and (3) evidence of other children on bicycles in the same aisle at the same Wal-Mart show that unlocked or readily accessible bicycles created a dangerous condition, and that Wal-Mart knew about it and failed to warn its patrons. He cites to no authority to support his position, and nothing in the record supports these allegations.

¶9.     Seth refers to the rack where the bicycles could be clamped as a safety rack, but there is nothing in the record to indicate that the purpose for the rack was to protect its patrons from the alleged danger posed by unlocked or readily accessible bicycles. The record contains installation instructions for the rack, which were prepared by VIDIR Machine Inc., a vertical storage company, and refers to the rack as a carrier or bike-merchandising system only. The rack does not contain a locking mechanism, and holds bicycles in place utilizing a tire clamp. While the bicycles are still accessible to patrons, Seth argues that the rack was designed to make it difficult for patrons to remove the bicycle from the rack, prompting a need for employee assistance, but fails to offer sufficient evidence of this assertion.

¶10.    Additionally, there is nothing in the record to indicate the assignment of an employee to the toy department was for the purpose of guarding against any known danger; and evidence that other children rode bicycles in the same aisle in the same Wal-Mart without incident does not, in and of itself, tend to show that unlocked or readily accessible bicycles pose a danger. Seth provided no evidence of the industry's standards, no expert reports, and no evidence of Wal-Mart's policy regarding who may remove the bicycles from the rack and

5

whether its employees were required to return the bicycles to the rack immediately after each use. Because Wilson failed to produce sufficient evidence that unlocked or readily accessible bicycles on the sales floor created a dangerous condition, this issue is without merit.

¶11. Seth also argues that the trial court erred in finding that Seth's age was immaterial. This appears to be an attack on the applicability of *Orr v. Academy Louisiana Co.*, No. 23-1411, 2013 WL 1809878 (La. Ct. App. May 1, 2013), an unpublished opinion the trial court cited in support of its conclusion that an unlocked or readily accessible bicycle does not constitute a dangerous condition. In *Orr*, a woman was injured when she was struck by an adult male riding a bicycle in Academy Sports and Outdoors. *Id*. at *1.

¶12. It is not disputed that Seth was an invitee at the time of his injury, and he acknowledges that the duty owed him was not in any way heightened due to his status as a minor. What Seth appears to be arguing is that the trial court incorrectly considered evidence of contributory negligence in determining whether a dangerous condition existed. Seth had learned how to ride a bicycle by the age of five and had been involved in other bicycle accidents prior to the one at Wal-Mart. Again, Seth's argument necessarily depends on whether an unlocked or readily available bicycle constitutes a dangerous condition. If an unlocked or readily accessible bicycle does not constitute a dangerous condition, it does not matter whether a person of Seth's age, experience, and intelligence could have perceived the danger because the danger did not exist. Because Seth failed to show how an unlocked or readily available bicycle constituted a dangerous condition, this issue is without merit.

¶13. **THE JUDGMENT OF THE PANOLA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE**

6

**APPELLANT.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.**