# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01271-COA

**RUBY HARTFORD**                                                                 **APPELLANT**

**v.**

**BEAU RIVAGE RESORTS, INC. D/B/A BEAU          APPELLEE
RIVAGE CASINO**

DATE OF JUDGMENT:            08/08/2014
TRIAL JUDGE:                 HON. ROGER T. CLARK
COURT FROM WHICH APPEALED:   HARRISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      J. RICHARD KANUCH
ATTORNEY FOR APPELLEE:       RICHARD W. SLIMAN
NATURE OF THE CASE:          CIVIL - PERSONAL INJURY
TRIAL COURT DISPOSITION:     GRANTED SUMMARY JUDGMENT TO
                             APPELLEE
DISPOSITION:                 AFFIRMED - 11/24/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., MAXWELL AND JAMES, JJ.

### MAXWELL, J., FOR THE COURT:

¶1.     Ruby Hartford filed a premises-liability suit against the Beau Rivage Casino after she

tripped and fell over a casino patron's walker. The circuit judge granted summary judgment

in the Beau Rivage's favor. After review, we find Hartford failed to show any genuine issue

of material fact on her premises-liability claim. So we affirm summary judgment.

### Facts and Procedural History

¶2.     On July 19, 2009, Hartford visited the Beau Rivage Casino in Biloxi, Mississippi, with

her daughter and sister.[1]  After playing the slot machines for a while, Hartford opted to cash in her chips.  But before finally calling it a day, she decided to give the slots one more try. When she approached the machines, she saw another patron walking towards her.  At this point, Hartford moved slightly to her right to let the other gambler pass.  As Hartford moved, she placed her right hand on another patron's walker,[2] moving the walker slightly forward. While trying to veer around the corner, Hartford tripped over the walker and fell to the floor. Her impact with the floor injured her knee.  She eventually required a right-knee replacement.

¶3.    Hartford sued the Beau Rivage based on premises liability.  After a hearing, the circuit court granted the Beau Rivage's motion for summary judgment, finding no genuine issue of material fact.  Hartford appealed.

## Discussion

### I.    Summary-Judgment Standard

¶4.    Hartford argues the circuit court erred by granting summary judgment.  We review a circuit court's grant of summary judgment de novo.  *Stanley v. Boyd Tunica, Inc.*, 29 So. 3d 95, 96 (¶5) (Miss. Ct. App. 2010) (citing *Byrne v. Wal-Mart Stores, Inc.*, 877 So. 2d 462, 464 (¶3) (Miss. Ct. App. 2003)).

---

[1] Hartford was sixty-seven years old at the time.

[2] The walker was situated next to its female owner, who was playing the slots.  This woman peered over at Hartford on the floor but continued gambling.  The woman left shortly after, and her identity remains unknown.

¶5. "Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id*. (citations and quotation marks omitted). "To survive summary judgment, the non-moving party must offer 'significant probative evidence demonstrating the existence of a triable issue of fact.'" *Id*. (quoting *Byrne*, 877 So. 2d at 465 (¶3)). After a summary-judgment motion is made and supported, "an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or [otherwise], must set forth specific facts showing that there is a genuine issue for trial." *Id*. (quoting M.R.C.P. 56(e)).

## II.    Premises-Liability Law

¶6. In a premises-liability case, "the plaintiff must prove the familiar elements of duty, breach of duty, proximate cause, and damages[.]" *McCullar v. Boyd Tunica, Inc.*, 50 So. 3d 1009, 1011 (¶11) (Miss. Ct. App. 2010) (citing *Crain v. Cleveland Lodge 1532, Order of Moose, Inc.*, 641 So. 2d 1186, 1189 (Miss. 1994)). A business owner's duty depends on the plaintiff's status as an invitee, licensee, or trespasser. *Id*. at 1012 (¶12). For a licensee or trespasser, the duty owed is the same—to refrain from inflicting a willful or wanton injury. *Id*. For an invitee, the duty is higher—the owner is required "to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or to *warn of dangerous conditions not readily apparent*, which the owner knows of, or should know of, in the

3

exercise of reasonable care." *Id*. (emphasis added) (quoting *Robinson v. Ratliff*, 757 So. 2d 1098, 1101 (¶8) (Miss. Ct. App. 2000)). It is undisputed Hartford was an invitee of the Beau Rivage. Thus, we ask if there was a dangerous condition not readily apparent to the casino. We ask this because "[i]n every premises-liability case, the plaintiff *must* show that a dangerous condition exists." *Id*. at (¶13) (emphasis added) (citing *Stanley*, 29 So. 3d at 97-98 (¶10)). And here, the main hurdle in Hartford's case is the lack of an apparent dangerous condition.

¶7.     But even if the walker is considered a dangerous condition, Hartford still must show one of the following: "(1) a negligent act by the defendant caused the dangerous condition; or (2) the defendant had actual knowledge of the dangerous condition but failed to warn the plaintiff; or (3) the dangerous condition remained long enough to provide the defendant with constructive knowledge." *Id*. (citing *Jacox v. Circus Circus Miss., Inc.*, 908 So. 2d 181, 184-85 (¶7) (Miss. Ct. App. 2005)). We find Hartford loses here as well.

¶8.     Hartford admitted nothing was wrong with the Beau Rivage's premises. Her deposition testimony was that the casino's lighting was very good. And she saw no problems with the carpet or the width of the aisle. Her only insistence was that the Beau Rivage was somehow responsible for the placement of its guest's walker—a walker Hartford conceded was not owned, supplied, handled, placed, or moved by the Beau Rivage. Indeed, Hartford admitted the walker's placement was solely the other patron's fault. And she would not have

4

fallen but for the woman's walker.[3]

¶9.    The casino's surveillance video is also quite telling.  On it, Hartford is seen walking down an aisle.  She moves slightly to the right to let another customer pass.  About that time, she places her right hand on the walker.  So Hartford in fact caused the walker to move, just before she tripped over it.  And Hartford candidly admitted she was neither paying attention nor watching where she was going before falling.  She also had no idea how long the walker was beside the woman.

¶10.    Unfortunately for Hartford, "[b]usiness owners are not strictly liable for injuries occurring on the premises, nor are they insurers of their invitees' safety."  *Id*. at (¶14) (citing *Martin v. Rankin Circle Apartments*, 941 So. 2d 854, 864 (¶45) (Miss. Ct. App. 2006)).  "[M]ere proof that a slip and fall occurred 'is insufficient to show negligence on the part of the proprietor.'"  *Id*. (quoting *Jacox*, 908 So. 2d at 184 (¶7)).  We find Hartford has shown no dangerous condition.  And even if she had, she still failed to show the casino either caused the condition, knew about it, or should have known about it.  So her argument that the Beau Rivage should be liable merely because she fell on its property fails.

¶11.    There are no genuine factual issues for trial.   Thus, the Beau Rivage was properly granted summary judgment.

¶12.    **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED.   ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE**

---

[3]At Hartford's deposition, she was asked: "And had this lady, and her walker, not been there, you wouldn't have fell?"  She answered: "I wouldn't have fell."

**APPELLANT.**

      **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND WILSON, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**