# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00824-COA

SHARON WILLIAMS                                                                          APPELLANT

v.

POTTER & SIMS FOODS, INC. D/B/A FOOD                                          APPELLEE
DEPOT

DATE OF JUDGMENT:               10/14/2015
TRIAL JUDGE:                    HON. JEFF WEILL SR.
COURT FROM WHICH APPEALED:      HINDS COUNTY CIRCUIT COURT,
                                FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:         FRANK THACKSTON
ATTORNEY FOR APPELLEE:          FRANCES R. SHIELDS
NATURE OF THE CASE:             CIVIL - PERSONAL INJURY
DISPOSITION:                    AFFIRMED - 09/26/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

> **EN BANC.**
>
> **IRVING, P.J., FOR THE COURT:**

¶1.    The Hinds County Circuit Court, First Judicial District, granted Potter & Sims Food

Inc. d/b/a Food Depot's (Food Depot) motion for summary judgment, finding no genuine

issue of material fact was raised by Sharon Williams's complaint. Believing that the circuit

court erred, Sharon appeals.

¶2.    We find no error; therefore, we affirm.

## FACTS

¶3.    On May 1, 2013, Williams was shopping at Food Depot in Jackson, Mississippi. In

a complaint filed against Food Depot on July 9, 2014, she alleged that she inhaled a white

powder that emanated from the inside of a box of light bulbs when she shook the box. The box contained a broken bulb or bulbs. Apparently, there is a video that was not made a part of the record on appeal showing Williams removing a box of bulbs from the shelf, shaking it, and returning it to the shelf. In any event, she reported the incident to a cashier, and the next day she met with the manager, Aubrey Wren, and filled out an incident report. Wren admitted in his deposition that, as a matter of store policy, defective merchandise is not allowed on the store's shelves.

¶4. Williams alleged that she sustained injuries, for which she obtained medical treatment, including nasal surgery, as a result of inadvertently inhaling the powder/dust from the broken incandescent light bulbs. She also alleged that the light bulbs were broken as a result of the negligent actions on the part of the store's employees and that the Food Depot failed to exercise ordinary care to discover the presence of the powder on or about the outside of the light-bulb box when the boxes were placed on the shelves. She further alleged that the Food Depot employees failed to exercise reasonable care to discover and remove the boxes from the shelves when it was foreseeable that the boxes would be handled by customers—a failure, she argues, that constituted negligence.

¶5. Food Depot, in its answer, denied all allegations of negligence. Food Depot did not dispute that the bulbs were broken; however, who broke the bulbs and whether the Food Depot knew that the broken bulbs were on the shelf were contested issues. After depositions, the trial was set to begin on August 3, 2015, with the deadline for designating experts set for

2

June 4, 2015. On June 17, 2015, Food Depot filed a motion for summary judgment; Williams responded on July 13, 2015. However, on July 8, 2015, approximately one month before trial, Williams filed a motion seeking an order allowing her to take the deposition of her treating physician, Dr. Jadien Young. The circuit court denied her motion on two bases: it was untimely, as the deadline to designate expert witnesses had passed, and according to the deposition testimony of Dr. Young, Williams's injures were not connected to the incident at Food Depot, or at least, Dr. Young could not make the connection. On or about October 14, 2015, the circuit court issued its order granting Food Depot's summary-judgment motion. This appeal followed.

## DISCUSSION

¶6. Our standard of review is succinctly addressed in *Gorman-Rupp Co. v. Hall*, 908 So. 2d 749, 753-54 (¶¶12-15) (Miss. 2005):

> [The appellate court] applies a de novo standard of review on appeal from a denial of summary judgment by the trial court. Rule 56(c) of the Mississippi Rules of Civil Procedure provides that summary judgment shall be granted by a court if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact. The moving party has the burden of demonstrating that there is no genuine issue of material fact in existence, while the non[]moving party should be given the benefit of every reasonable doubt. A fact is material if it tends to resolve any of the issues properly raised by the parties. If, in this view, there is no genuine issue of material fact and[] the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite.

3

> To avoid summary judgment, the non[]moving party must establish a genuine issue of material fact within the means allowable under the Rule. If any triable issues of fact exist, the lower court's decision to grant summary judgment will be reversed. Otherwise the decision is affirmed.

(Internal citations and quotation marks omitted).

¶7. This Court has stated that "[a] claim of negligence has four elements: duty, breach, causation, and damages. To establish a prima facie case, [the plaintiff] must present sufficient evidence on all four elements of the claim to carry the burden of going forward." *Price v. Park Mgmt. Inc.*, 831 So. 2d 550, 551 (¶5) (Miss. Ct. App. 2002) (internal citation omitted).

¶8. In her complaint, Williams states that she was an invitee of Food Depot and was, therefore, owed a duty of care. She alleges that Food Depot failed to exercise ordinary care to discover and/or remove the broken light bulbs or the light-bulb boxes from its shelves. She essentially argues that is not likely that a customer or customers broke all of the bulbs and placed the boxes containing the broken bulbs back on the shelves without Food Depot's knowledge. She further alleges that she sustained personal injuries after she inadvertently inhaled a white powder/dust associated with the broken light bulbs on Food Depot's shelf, that it was foreseeable that these boxes would be handled by Food Depot's customers, and that Food Depot's failure to remove the boxes constituted negligence. Finally, she argues that she suffered damages, as the incident caused her serious injury that required surgery.

¶9. Additionally, she maintains that the court should have granted her motion to take Dr.

Young's deposition, despite the expiration of the deadline for designating expert witnesses. She argues that she could not locate Dr. Young, as he had relocated to Florida, and the Florida clerk's office refused to issue a subpoena without an order from the Mississippi circuit court.

¶10.    In its motion for summary judgment, Food Depot asserts that Williams failed to establish that it had actual or constructive knowledge that the broken light bulbs existed prior to the incident. Williams did not establish when or how the light bulbs were broken, who broke them, or how long they had remained on the store shelf before she picked them up. The surveillance video, which was attached to the Food Depot's motion for summary judgment, indicates that Williams's own actions in removing the light bulbs, shaking the box, and placing the bulbs back on the shelf could have been what caused some bulbs to break, although that would not explain how the bulbs in the other six or seven boxes were broken.

¶11.    We have said:

> [I]n order to succeed in a premises[-]liability action, the plaintiff must prove one of three things: (1) a negligent act by the defendant caused the plaintiff's injury; or, (2) . . . [the] defendant had actual knowledge of a dangerous condition, but failed to warn the plaintiff of the danger; or, (3) the dangerous condition remained long enough to impute constructive knowledge to the defendant.

*Byrne v. Wal-Mart Stores Inc.*, 877 So. 2d 462, 465 (¶5) (Miss. Ct. App. 2003).  Despite her contentions to the contrary, Williams failed to prove negligence, actual knowledge, or constructive knowledge on behalf of Food Depot.

¶12.    Food Depot argues, and we agree, that no genuine issue of material fact existed on

5

whether there was a causal link between the dust or powder allegedly inhaled by Williams and the injury she claimed to have suffered. Food Depot's medical expert, specializing in otolaryngology,[1] opined that, based upon his education, training, experience, and review of Williams's medical records and to a reasonable degree of medical probability, there existed no objective medical evidence that Williams's sinus surgery was causally related to the incident at Food Depot. In response, Williams did not provide any testimony from a medical expert establishing that the alleged inhalation of the white powder from the broken bulbs caused her sinus condition. Also, there was no expert testimony that the white powder from the bulbs was toxic or inherently dangerous as Williams suggests. So, even accepting Williams's contentions that Food Depot was negligent in allowing the boxes of broken bulbs to remain on its shelves, that a white powder or dust emanated from the boxes of broken bulbs, and that she inhaled the powder or dust, she still could not prevail because she failed to establish that her injuries were caused by her inhalation of the dust from the bulbs.

¶13.     The circuit court correctly relied on *Byrne*, which states:

> The duty of a store owner to its invitees has repeatedly been cited as a duty to exercise ordinary care and to keep the premises reasonably safe while warning invitees of dangerous conditions known to the store owner. However, the store owner is not an insurer of business invitees' injuries . . . . The basis of liability is negligence and not injury. Proof merely of the occurrence of a fall on a floor within business premises is insufficient to show negligence on the part of the proprietor. Proof that the floor on which the fall occurred had present

---

[1] "An 'otolaryngologist' is a physician who specializes in the diseases of the ear, larynx[,] and throat, including the upper[-]respiratory tract." *Kent v. Baptist Mem'l Hosp.-N. Miss. Inc.*, 853 So. 2d 873, 877 n.1 (Miss. Ct. App. 2003).

thereon litter and debris is similarly insufficient.

*Byrne*, 877 So. 2d at 465 (¶6).  Analogous to *Byrne*, Williams's claim that she inhaled a white powder or dust while shopping in the Food Depot was insufficient to prove that Food Depot was negligent.  Similarly, her subsequent medical treatment was insufficient to show a causal connection between the white powder or dust and her injury without medical proof to a reasonable degree of medical certainty that such was the cause of her injuries.

¶14.    Pursuant to Rule 56(c), if there is no genuine issue as to any material fact, the moving party is entitled to a judgment as a matter of law.  We agree with the circuit court's finding that Williams failed to meet her burden of proof concerning the required elements of a premises-liability claim of negligence, as she failed to show the existence of a genuine issue of any material fact that she would have been required to prove at trial.  The circuit court properly granted Food Depot's motion for summary judgment.

¶15.    **AFFIRMED.**

   **LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.  WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**