930 So.2d 467 (2006)
Dorothy J. FAIR, Administratrix of the Estate of Lecia Fair Jones, Deceased, and James Washington, as next of Kin and On behalf of the Wrongful Death Beneficiaries of Lecia Fair Jones, Deceased, Appellants
v.
TOWN OF FRIARS POINT, Mississippi, and Anthony Smith, in his official capacity as Chief of Police of the Town of Friars Point, Mississippi, Appellees.
No. 2004-CA-02350-COA.
Court of Appeals of Mississippi.
May 30, 2006.
*469 Derek D. Hopson, Nancy Allen Wegener, Clarksdale, attorneys for appellants.
Benjamin E. Griffith, Daniel Judson Griffith, attorneys for appellees.
Before KING, C.J., CHANDLER and ISHEE, JJ.
KING, C.J., for the Court.
¶ 1. Lecia Fair Jones began a dating relationship with Terry Dukes in 2001. Dukes was out on parole after having served nine years of a fourteen year sentence for aggravated assault committed against his former wife. On December 24, 2001, Jones and Dukes had a physical altercation in which Dukes pushed Jones down through a glass coffee table. Officers Anthony Smith and Vincent Ramirez arrived at the scene, apprehended Dukes, and charged him with simple assault and malicious mischief. A dispatcher then informed Vera Willis, Dukes' parole officer, of Dukes' arrest. Dukes was released the next day after posting bond. Dukes appeared before the Friars Point Municipal Court on January 14, 2002, and pled guilty to the simple assault and malicious mischief charges. He was released after paying a fine of $498. On February 5, 2002, Dukes stabbed Jones to death.
¶ 2. On September 9, 2003, the Administratrix of Jones' estate and Jones' next of kin (hereinafter collectively referred to as "Fair") filed their amended complaint in which they alleged that the town of Friars Point and its chief of police (hereinafter collectively referred to as "Friars Point") acted with reckless disregard in handling Dukes' arrest and by allowing him to go free and later murder Jones. Alternatively, Fair argued that Friars Point breached its duty of ordinary care in failing to adhere to several statutory duties. After a hearing on the matter, the trial court entered summary judgment in favor of Friars Point.

ISSUES AND ANALYSIS

I. Whether the trial court abused its discretion in limiting discovery
¶ 3. This Court reviews discovery matters under an abuse of discretion standard. Frye v. Southern Farm Bureau Cas. Ins. Co., 915 So.2d 486, 490(¶ 12) (Miss.Ct.App.2005). Trial courts have broad discretion regarding discovery issues. Hillier v. Minas, 757 So.2d 1034, 1037(¶ 6) (Miss.Ct.App.2000) (citing Clark v. Miss. Power Co., 372 So.2d 1077, 1080 (Miss.1979)).
¶ 4. Fair argues that the trial court abused its discretion in denying her leave to take the deposition of Vera Willis, Duke's parole officer. On May 21, 2004, Willis swore out an affidavit stating that had she been informed that Dukes was arrested for domestic violence, she would have requested that her supervisor revoke Dukes' parole. However, Dukes was not arrested for domestic violence. He was arrested for simple assault and malicious mischief. In fact, according to her deposition testimony, Willis originally placed a hold on Dukes after being informed of his arrest, but her supervisor instructed her to remove the hold since he was charged with simple assault.
¶ 5. When the trial court lifted the stay on discovery on January 9, 2004, it ordered *470 Friars Point to provide Fair with copies of any discoverable evidence it may have received during the stay within ten days. The court granted Fair twenty days from the receipt of any such discovery from Friars Point to supplement her brief in opposition to Friars Point's second motion to dismiss. The court further ordered that Friars Point would have twenty days from the filing of Fair's supplementation to supplement their brief if they so desired. There is no indication in the record of the date that Friars Point provided Fair with discovery, but Fair had until February 8, 2004, at the latest to supplement her brief in response to Friars Point's second motion to dismiss.[1] Fair missed her deadline for filing supplemental briefing, and on April 14, 2004, moved for leave to take the deposition of Willis. On May 6, 2004, the court denied the motion finding that "the depositions sought would not produce relevant information or information reasonably calculated to lead to the discovery of admissible evidence as to defendants' legal duty or liability."
¶ 6. In addition to missing the deadline for replying to the Friars Point's second motion to dismiss, Fair gave no specific reason for her delay in deposing Willis, although the filings show that Fair was aware of Willis' involvement for at least six months prior to seeking leave. Also, Fair failed to show how Willis' testimony was relevant to Friars Point's alleged legal duty or liability. Accordingly, we find that the trial court did not abuse its discretion in denying Fair's motion for leave to depose Willis.

II. Whether the trial court erred in finding that the Appellees owed no legal duty to Jones
¶ 7. The existence of a legal duty is a question of law. State Farm Auto Ins. Cos. v. Davis, 887 So.2d 192, 194(¶ 7) (Miss.Ct.App.2004). We review questions of law de novo. Harrison County Dev. Comm'n v. Kinney, 920 So.2d 497, 502(¶ 9) (Miss.Ct.App.2006).
¶ 8. Fair cites Mississippi Code Annotated § 11-46-9(1)(b)[2], and argues that Friars Point breached its duty of ordinary care owed to Jones, thereby exposing Friars Point to liability. Fair cites several statutes which she claims assign duties to Friars Point, and claims that the failure of Friars Point to conform with these statutes amounted to a breach of ordinary care. The only statute cited by Fair which comes close to providing a ministerial duty, one which Fair claims was owed to Jones as opposed to the general public, is Mississippi Code Annotated § 99-3-7(3)(a), which provides in pertinent part, "Any law enforcement officer shall arrest a person with or without a warrant when he has probable cause to believe that the person has, within twenty-four (24) hours of such arrest, knowingly committed a misdemeanor which is an act of domestic violence..." (emphasis added). However, Mississippi Code Annotated § 93-21-27 states that,
A law enforcement officer shall not be held liable in any civil action for an arrest based on probable cause, enforcement in good faith of a court order, or *471 any other action or omission in good faith under this chapter arising from an alleged domestic violence incident brought by any authorized party, or an arrest made in good faith pursuant to Section 99-3-7(3), or failure, in good faith, to make an arrest pursuant to Section 99-3-7(3).
Therefore, even if the officers owed a duty to Jones under Mississippi Code Annotated § 99-3-7(3)(a), Mississippi Code Annotated § 93-21-27 specifically provides immunity to the officers.
¶ 9. The Mississippi Tort Claims Act is written in the disjunctive and the subparts "should be read as alternatives separate and apart from one another." Pearl River Valley Water Supply Dist. v. Bridges, 878 So.2d 1013, 1016(¶ 12) (Miss. Ct.App.2004). If any subpart of Mississippi Code Annotated § 11-46-9(1) applies, immunity exists. Although Fair argues that according to § 11-46-9(1)(b) Friars Point waived immunity because it failed to exercise ordinary care with respect to several statutory duties, Friars Point is entitled to immunity under subpart (c) which provides a reckless disregard standard for police officers and firefighters. Miss.Code Ann. § 11-46-9(1)(c).[3] We now address the issue of whether Friars Point acted in reckless disregard in carrying out its duties.

III. Whether the trial court erred in finding that Appellees did not exhibit reckless disregard in charging Dukes with simple assault and malicious mischief and in failing to investigate and report the incident as domestic violence.
¶ 10. In its order granting summary judgment, the trial court stated that it was unnecessary to reach the issue of immunity because it found that Friars Point owed no specific duty to Jones. However, since summary judgment orders are reviewed de novo, we will discuss the merits of Fair's final argument.
¶ 11. Fair states in her brief that Friars Point showed reckless disregard by failing to charge Dukes with domestic violence, failing to inform Willis of the nature of the assault, and failing to inform the municipal judge of Dukes' prior aggravated assault conviction. With respect to § 11-46-9(1)(c), reckless disregard is defined as "willful or wanton conduct, i.e., a wrongful act that is knowing and intentional." Lippincott v. Mississippi Bureau Of Narcotics, 856 So.2d 465, 469(¶ 13) (Miss.Ct.App.2003) (citing Turner v. City of Ruleville, 735 So.2d 226, 230(¶ 19) (Miss.1999)).
¶ 12. As noted above, the officers enjoy immunity under Mississippi Code Annotated § 93-21-27 for failing to arrest Dukes for domestic violence. Nevertheless, the record also illustrates that the officers did not exercise reckless disregard when they chose to charge Dukes with simple assault. At the summary judgment hearing, Officer Ramirez was asked why he and Officer Smith arrested Dukes for simple assault rather than domestic violence. Ramirez responded as follows, "Well, because of the fact thatbecause of the fact that we knew that they didn't live together, they had lived together previously but they didn't live together at the time, plus, too, they didn't have any children together or anything, we come to the conclusion of simple assault." Accordingly, Officer Ramirez was apparently unaware *472 that an aggressor may be charged with domestic violence if that person commits an assault upon one with whom they formerly resided. Miss.Code Ann. 97-3-7(3).
¶ 13. Fair also failed to present any evidence to show how Friars Point acted in a willful, wanton, or wrongful manner in failing to relay a detailed account of the assault to Willis or by not informing the municipal judge of Dukes' prior aggravated assault conviction. After reviewing the evidence, we cannot say that the officers knowingly and intentionally failed to charge Dukes with domestic violence, nor did they display reckless disregard in their investigation and reporting of the incident. We, therefore, affirm the trial court's grant of summary judgment.
¶ 14. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] The motion to dismiss was eventually converted to a motion for summary judgment since the court considered matters outside the pleadings.
[2] Mississippi Code Annotated § 11-46-9(1)(b) provides that "A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim arising out of any act or omission of an employee of a governmental entity exercising ordinary care in reliance upon, or in the execution or performance of, or in the failure to execute or perform, a statute, ordinance or regulation, whether or not the statute, ordinance or regulation be valid."
[3] See also Lippincott v. Mississippi Bureau of Narcotics, 856 So.2d 465, 469 (¶ 15) (Miss.Ct. App.2003) ("If the reckless disregard standard is not applied to tort claims against law enforcement officers, then [Mississippi Code Annotated § 11-46-9(1)(c)] becomes meaningless.")