¶ 1. Ashley Delmont, a D'Iberville High School student, filed suit against the Harrison County School District (HCSD) after sustaining a knee injury as the result of a trip and fall on school property. The Harrison County Circuit Court granted summary judgment in favor of HCSD. Delmont appeals the grant of summary judgment. Finding no error, we affirm.
 FACTS ¶ 2. On March 15, 2002, Delmont was playing basketball in the D'Iberville High School gymnasium as part of an aerobics class. The basketball was thrown out-of-bounds and bounced onto a three foot high stage located at one end of the gymnasium. Delmont climbed the steps leading up to the stage to retrieve the ball. A student called out Delmont's name as she approached the top step, and Delmont turned her head toward the student and proceeded to walk toward the basketball. Delmont tripped and fell over a large cheerleading mat that was lying on the stage floor.[1] Delmont underwent knee surgery and physical therapy as a result of the fall.
 ¶ 3. On December 16, 2002, Delmont filed a complaint against the HCSD. On September 25, 2003, after discovery was conducted, HCSD filed its first motion for summary judgment claiming immunity under Mississippi Code Annotated Section 11-46-9(1)(v) (Rev. 2002). The motion was denied without opinion on January 20, 2004. On August 16, 2004, HCSD filed a second motion for summary judgment claiming discretionary function immunity under Mississippi Code Annotated Section 11-46-9(1)(d). The motion was granted without opinion on January 7, 2005. *Page 133 
 ANALYSIS ¶ 4. This Court conducts a de novo review of summary judgments and considers the facts in the light most favorable to non-movants. Collins v. TallahatchieCounty, 876 So.2d 284, 286 (¶ 5) (Miss. 2004). The non-moving party cannot rely on allegations or denials in his pleadings, but must set forth specific facts to show that a genuine issue of material fact exists in order to avoid summary judgment. Id.
 ¶ 5. In her complaint Delmont alleged that HCSD was negligent in (1) leaving the cheerleading mat out while it was not in use, (2) failing to provide Delmont with a reasonably safe place to play, and (3) failing to provide adequate personnel to maintain the premises and supervise the children. Mississippi Code Annotated Section 11-46-9(1)(v) states:
 (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
 (v) Arising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care[.]
In order to succeed in her personal injury action against HCSD, Delmont would have to prove that the cheerleading mat was a dangerous condition on HCSD's property which either was created by negligent or wrongful conduct of HCSD or existed with actual or constructive notice to HCSD. Lowery v. Harrison Co. Bd.of Supervisors, 891 So.2d 264, 267 (¶ 12) (Miss.Ct.App. 2004). In personal injury cases based on premises liability the property owner cannot be found liable for the plaintiffs injury where no dangerous condition exists.Nolan v. Brantley, 767 So.2d 234, 240 (¶ 15) (Miss.Ct.App. 2000) (citing King v. Dudley,286 So.2d 814, 816 (Miss. 1973)).
 ¶ 6. Delmont failed to provide the trial court with any evidence from which a reasonable fact-finder could conclude that the cheerleading mat itself or its placement on the stage floor constituted a dangerous condition. Instead, Delmont's deposition testimony revealed that she was simply not looking where she was going.
 We had been playing basketball for about ten minutes, when the ball went out of bounds and bounced onto the stage. We were going to get the ball. I went up on the stage[,][a]nd one of the players on the other team had called my name, and I looked back. And when I looked back, I tripped over the mat.
 . . . .
 I got up on the stairs. I took three steps from the stairs in a backwards direction, and [the mat] was right there.
HCSD was immune from liability under Mississippi Code Annotated Section 11-46-9(1)(v).
 ¶ 7. Governmental immunity exists if any subpart of Mississippi Code Annotated Section 11-46-9(1) applies. Fairv. Town of Friars Point, 930 So.2d 467, 471 (¶ 9) (Miss.Ct.App. 2006). Therefore, we find that the trial court correctly granted summary judgment to HCSD, even though the trial court based its decision on the discretionary function immunity from Mississippi Code Annotated Section 11-46-9(1)(d).See Tillman v. Tillman, 791 So.2d 285, 289 (¶ 13) (Miss.Ct.App. 2001) ("It is a standard practice of the appellate courts of this state, in the name of judicial *Page 134 
economy, to affirm the decisions of the lower court when we conclude that the right result has been reached, even if for the wrong reason.").
 ¶ 8. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURTIS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THEAPPELLANT.
LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.
[1] The size of this cheerleading mat was approximately 424" long, 6 wide, and 1.5" in height.