957 So.2d 437 (2007)
Dowdy ALMOND, Appellant
v.
FLYING J GAS COMPANY, Appellee.
No. 2006-CA-00117-COA.
Court of Appeals of Mississippi.
May 29, 2007.
*438 David L. Walker, attorney for appellant.
Tommy D. Goodwin, Robert A. Biggs, Jackson, attorneys for appellee.
EN BANC.
ISHEE, J., for the Court.
¶ 1. Dowdy Almond filed suit in the Desoto County Circuit Court against Flying J Gas Company, for personal injuries sustained when she allegedly slipped and fell on a slippery substance on Flying J's premises in Olive Branch, Mississippi. Almond alleged Flying J was negligent in maintaining and/or warning of grease, gas, or oil on its premises that Flying J caused to be there or had actual or constructive notice of the substance's presence. The court granted summary judgment for Flying J. Aggrieved by the court's decision, Almond appeals asserting the following issue for the court: whether the trial court erred in granting Flying J's summary judgment on a finding there existed no genuine issue of material fact. Finding no error, we affirm.

FACTS
¶ 2. Around 8 p.m. on January 7, 2002, Almond allegedly slipped and fell on the premises of the Flying J located in Olive Branch, Mississippi, on an alleged slippery substance while fueling up her vehicle. According to the summary judgment hearing transcript, Almond alleged she stepped into a liquid substance that was bigger than the size of her vehicle which caused her to slip and fall that resulted in a back injury. Almond stated that after she fell, she walked into the Flying J and reported her fall to the cashier, paid for her gas, pumped her gas, and then went home. Almond asserted Flying J was the proximate cause of her injury via its agents and employees. However, in deposition testimony Almond stated that she did not know what the alleged substance was that caused her fall nor did she know how long it had been there. Furthermore, she admitted that she did not know who or what caused the alleged substance.
¶ 3. Flying J presented an affidavit submitted by Brenda Porterfield, the manager on duty the evening of the alleged incident. According to Porterfield's affidavit, she inspected the area around the pumps, where the alleged slip and fall occurred, approximately once every thirty minutes during her shift from 5 p.m. until 10 p.m. Porterfield stated, "at no time did I witness a spill or see any kind of gas, grease, or oil or any kind of slippery substance on the ground around the fuel pumps." Additionally, no one reported a spill or the presence of gas, grease, or oil or any kind of slippery substance during her shift on the evening in question.
¶ 4. On October 21, 2003, Almond filed suit for personal injuries sustained as a result of her alleged slip and fall on the premises of Flying J. On November 17, 2005, the trial court held a hearing on Flying J's motion for summary judgment and found that Almond had presented no genuine issue of material fact in the case. On December 16, 2005, the court ordered summary judgment for Flying J. Aggrieved, Almond appeals.

*439 STANDARD OF REVIEW
¶ 5. An appeal from summary judgment is reviewed de novo. Jacox v. Circus Circus Miss., Inc., 908 So.2d 181, 183(¶ 4) (Miss.Ct.App.2005) (citing Cossitt v. Alfa Ins. Corp., 726 So.2d 132, 136(¶ 19) (Miss. 1998)). The standard by which we review the grant or denial of summary judgment is the same standard as is employed by the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. Jacox, 908 So.2d at 183(¶ 4) (citing Dailey v. Methodist Med. Ctr., 790 So.2d 903, 906-07(¶ 3) (Miss.Ct.App.2001)). Pursuant to Rule 56(c), summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." The evidence must be viewed in the light most favorable to the non-moving party. Jacox, 908 So.2d at 184(¶ 4) (citing Dailey, 790 So.2d at 907(3)).

ISSUE AND ANALYSIS
I. Whether the trial court erred in granting summary judgment for Flying J on a finding there existed no genuine issue of material fact.
¶ 6. Almond argues that the trial court should not have granted summary judgment for Flying J because a genuine issue of material fact existed as to whether the policy of inspecting the premises every thirty minutes was sufficient to negate that Flying J had constructive knowledge of the alleged slippery substance, and the trial court put itself in the position of the jury by making such factual determination. We disagree.
¶ 7. Under Mississippi law proof of an injury is not the basis for premises liability, rather negligence of the business owner must be shown. Sears, Roebuck & Co. v. Tisdale, 185 So.2d 916, 917 (Miss. 1966). The operator of a business premises owes a duty to an invitee to exercise reasonable care to keep the premises in a reasonably safe condition. Jacox, 908 So.2d at 184(¶ 7) (citing Jerry Lee's Grocery, Inc. v. Thompson, 528 So.2d 293, 295 (Miss.1988)). However, the business operator is not the insurer against all injuries. Munford, Inc. v. Fleming, 597 So.2d 1282, 1284 (Miss.1992).
¶ 8. To prove that the business operator was negligent, the plaintiff must show either (1) the operator caused the dangerous condition, or (2) where a third person unconnected with the store's operation caused the condition, that the operator had actual or constructive knowledge of the condition. Id. Constructive knowledge is established where the condition is shown to have existed for such a length of time that the operator, through the exercise of reasonable care, should have known of the its existence. Id. The court will not indulge presumptions for the deficiencies in plaintiff's evidence as to the length of time the hazard existed, therefore, the plaintiff must produce admissible evidence as to the time period in order to establish the operator's constructive knowledge. Waller v. Dixieland Food Stores, Inc., 492 So.2d 283, 286 (Miss.1986). The plaintiff must present specific proof as to the relevant actual length of time. Dickens v. Wal-Mart Stores, 841 F.Supp. 768, 771 (S.D.Miss.1994).
¶ 9. Almond argues the trial court put itself in the position of the jury in determining a material factual issue regarding whether the premises were in fact inspected pursuant to on-duty manager Porterfield's affidavit. Almond presented no contradicting evidence to Porterfield's affidavit. Rather, Almond would have the Court draw inference upon inference regarding the possibility of inspections being *440 conducted or not conducted. Almond also argues that there was video of her entering the Flying J and reporting the fall to the cashier. She states that had that video not been overridden then the alleged slippery substance, that was allegedly on her clothes and in her hair, would have been admissible evidence of Almond's fall. Again, the speculation that there might have been adequate visibility of the [alleged] substance on Almond would only lend itself to further speculation that she did fall and that Flying J was the cause of her fall. However, as stated in Tisdale, proof of a fall is not sufficient to find an operator liable for an injury. Tisdale, 185 So.2d at 917. Almond also argues that because Flying J had a policy of inspecting the premises every thirty minutes they must clearly have a need for such frequent inspections. We are not persuaded by any of Almond's arguments.
¶ 10. The trial court reviewed the file and the pleadings, heard arguments from both parties at the hearing for summary judgment, and concluded there was no genuine issue of material fact. In viewing the evidence in light most favorable to Almond, we agree with the trial court's grant of summary judgment. Almond would have the court to stack inference upon inference in order to conclude that Flying J is liable for her personal injuries. Almond did not establish that Flying J was negligent in any way to her. Munford, 597 So.2d at 1284. She did not offer any admissible evidence that Flying J had a dangerous condition on its premises on the evening of January 7, 2002 that would have caused her to slip and fall. Additionally, Almond's argument that Flying J had constructive knowledge of a slippery substance on its premises is not well taken. Almond did not offer any admissible evidence as to the length of time the alleged slippery substance was present, and the Court will not indulge Almond with presumptions of this length of time. Consequently, we find that Almond failed to establish that a genuine issue of material fact existed regarding Flying J's liability for her alleged personal injuries. This issue is without merit.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., NOT PARTICIPATING.