LEE, P.J.,
dissenting:
¶ 23. Because I find that the placement of the anti-slip tape on the stairs was a discretionary function, I respectfully dissent. The purported discretionary function at issue is the placement of the anti-slip tape on the temporary stairwell. Dr. Jerry Pratt contends that by modifying the stairwell in this manner, the Airport enhanced the slipping risk to passengers. Although the stairs were covered in non *87 skid diamond-plated aluminum, the Airport added the anti-slip tape to further decrease any slipping danger. The descending portion of the stairs in question were four-feet wide, and the tape covered the middle two feet of each step. The work order created by Jared Christman, the Operations Supervisor, to address the potential danger, stated: “Add non-slip traction strips to airstairs to be used at Gate 5.” Part of Christman’s job was to evaluate the property and make recommendations regarding its condition.
¶ 24. Pursuant to Mississippi Code Annotated section 11-46-9 (Supp.2010), governmental entities and their employees acting within the scope of their duties enjoy certain exemptions and protections. The Airport contends that it is immune from suit because Dr. Pratt’s claims involve a discretionary function as set out in section 11 — 46—9(l)(d) and (g):
(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
(d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused;
[[Image here]]
(g) Arising out of the exercise of discretion in determining whether or not to seek or provide the resources necessary for the purchase of equipment, the construction or maintenance of facilities, the hiring of personnel and, in general, the provision of adequate governmental services....
¶ 25. In Jones v. Mississippi Department of Transportation, 744 So.2d 256, 260 (¶ 10) (Miss.1999), the Mississippi Supreme Court adopted a two-part public-policy-function test for determining whether governmental conduct is protected by discretionary-function immunity. Id. The test provides that, in determining whether governmental conduct is afforded discretionary-function immunity, the court must first determine whether the activity involved an element of choice or judgment, and, if so, whether the choice involved social, economic, or political policy. Id.
¶ 26. Dr. Pratt has not pointed out any procedures, guidelines, or regulations that outlined how to maintain the safety of the stairwells and would, therefore, render the Airport’s actions ministerial in nature. See Willing v. Estate of Benz, 958 So.2d 1240, 1252 (¶ 33) (Miss.Ct.App.2007). The decision by Christman to order the anti-slip tape involved an element of choice or judgment; therefore, this action was discretionary. Now, we look to whether the judgment involved social, economic, or political policy. Under the discretionary-function exemption, “only those functions which by nature are policy decisions, whether made at the operational or planning level, are protected.” Id. (citing U.S. v. Gaubert, 499 U.S. 315, 322, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991)). “Accordingly, this limitation is applicable to the day-to-day decisions made by police officers and other governmental actors.” Id. at 1253 (¶ 34). The Airport’s decision to add anti-slip tape to the metal stairwell involved a day-to-day decision at the operational level. Providing passengers safe and secure premises necessarily involves a policy decision, both at the planning and operational level. Therefore, I find that the Airport is immune from suit pursuant to the discretionary-function exemption.
¶ 27. In regard to whether the Airport failed to warn of a dangerous condition that was open and obvious, this Court has held that governmental immunity exists if any subpart of section 11-46-9(1) applies. See Delmont v. Harrison County Sch. *88 Dist., 944 So.2d 131, 133 (¶ 4) (Miss.Ct.App.2006). Since I find that summary judgment was appropriate under section ll-46-9(l)(d) and (g), it is unnecessary to determine whether it was also appropriate under section ll-46-9(l)(v). See also Knight v. Miss. Transp. Comm’n, 10 So.3d 962, 971 (¶ 33) (Miss.Ct.App.2009) (discussion of the concept behind “Frasier’s Octopus”).
MYERS, P.J., IRVING AND BARNES, JJ., JOIN THIS OPINION.