LEE, C.J.,
concurring in part and dissenting in part:
¶ 15. With respect to the majority, I concur in part and dissent in part. Although I agree with the majority’s decision to reverse the award of sanctions, as to Dyse’s negligence claim, I cannot find a genuine issue of material fact sufficient to withstand summary judgment. The evidence in the record before us mainly concerns the seriousness of Dyse’s injuries. In her complaint, Dyse alleged she suffered “serious injuries to her eyes, lungs, mouth[,] and other parts of her body, mind[,] and psyche; medical expenses, past and future[;] loss of income and/or earning capacity, past and future[;] and related expenses ... in the amount of ... $250,000.” In her deposition, Dyse admitted that her injuries, both mental and physical, were not serious and that she had not worked in over ten years. Her family physician, Dr. Bullock, testified he had treated Dyse for anxiety prior to this incident. Dr. Bullock opined that the incident did “exacerbate her anxiety over the short term.... But that was the extent of it in my opinion.” BKS’s expert, Dr. Stogner, was prepared to testify that Dyse’s physical injuries were simply a “temporary irritation.”
¶ 16. “Under Mississippi law proof of an injury is not the basis for premises liability[;] rather negligence of the business owner must be shown.” Almond v. Flying J Gas Co., 957 So.2d 437, 439 (¶ 7) (Miss.Ct.App.2007) (citation omitted). The Mississippi Supreme Court has recently clarified our summary-judgment standard, stating that “while [djefendants carry the initial burden of persuading the trial judge that no issue of material fact exists and that they are entitled to summary judgment based upon the established facts, [the plaintiff] carries the burden of producing sufficient evidence of the essential elements of her claim at the summary-judgment stage, as she would carry the burden of production at trial.” Karpinsky v. Am. Nat’l Ins. Co., 109 So.3d 84, 89 (¶ 13) (Miss.2013). In this instance, the record does not contain any evidence by deposition, affidavit, or otherwise showing that BKS was negligent or had knowledge, actual or constructive, of a dangerous condition.
¶ 17. Notwithstanding that the trial court may have granted summary judgment in favor of BKS based on Dyse’s overstatement of her injuries, under our de novo standard of review, I cannot find a genuine issue of material fact sufficient to withstand summary judgment.
BARNES AND ISHEE, JJ., JOIN THIS OPINION. CARLTON, J., JOINS THIS OPINION IN PART.