ROBERTS, J., for the Court:
¶ 1. Following the Tunica County Circuit Court’s grant of Circus Circus Mississippi Incorporated d/b/a Gold Strike Casino Resort’s motion for summary judgment, Karen and David Garson (Garsons) filed the present appeal asking this Court to determine whether the circuit court erred in granting summary judgment. Finding no genuine issue of material fact, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On March 24, 2007, Karen rented a hotel room at Gold Strike Casino Resort, which is owned by Circus Circus. According to Karen, she struck her right ankle against a portion of the metal bed frame protruding from the bed but concealed by the bed spread. She reported that she believed she had broken her ankle to the front desk. Several Gold Strike employees came to her room to provide assistance. Karen testified at her deposition that the employees took pictures of her ankle and the placement of the bed before maintenance put the bed back in its place. She did not seek medical attention that day.
¶ 3. Karen was seen by Dr. Michael Heck for her injury. According to Karen’s deposition, Dr. Heck informed her that she had fractured the tibia or the fibula of her ankle bone. She wore a cast for two and a half weeks, then she wore a boot for two- and-a-half weeks, and she was prescribed physical therapy. She testified that she still experiences some pain and swelling as a result of her injury.
¶ 4. The Garsons filed a complaint on March 23, 2010, against Circus Circus alleging negligence in regard to Karen’s injury and a loss-of-consortium claim from David. Circus Circus filed its answer and affirmative defenses. It then filed its notice of service of interrogatories and request for production of documents on June 3, 2010. Circus Circus also deposed Karen on December 9, 2011. The Garsons responded to those requests, but they did not request any discovery on their own behalf.
*934 ¶5. Then, on August 20, 2012, Circus Circus filed a motion for summary judgment alleging that the Garsons “have failed to propound written discovery to Gold Strike, have failed to notice a single deposition, and have failed to designate a liability expert.” Further, the Garsons “cannot prove the existence of a hazardous condition” that caused Karen’s injuries. The circuit court heard the motion on February 7, 2013, and granted summary judgment in favor of Circus Circus on Karen’s claims and David’s claim of loss of consortium.
¶ 6. The Garsons appeal and ask this Court to determine whether the circuit “court err[ed] in granting [Circus Circus’s] motion for summary judgment when it ruled that there [was an] absence of a genuine issue of material fact contained in the record[J”
ANALYSIS
¶ 7. This Court employs a de novo standard of review when considering a circuit court’s grant or denial of summary judgment. Estate of Luster ex rel. Gusman v. Mardi Gras Casino Corp., 121 So.Sd 962, 965 (¶ 8) (Miss.Ct.App.2013) (citing Sutherland v. Estate of Ritter, 959 So.2d 1004, 1007 (¶ 8) (Miss.2007)). Mississippi Rule of Civil Procedure 56(c) provides that summary judgment is appropriate where “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” In Karpinsky v. American National Insurance Co., 109 So.3d 84, 89 (¶13) (Miss.2013), the Mississippi Supreme Court explained that in premises-liability cases where the defendant files a motion for summary judgment, he carries the initial burden of persuading the trial judge that no issue of material fact exists and that he is entitled to summary judgment based upon the established facts, and he does not carry any burden of production at the summary-judgment stage. However, the plaintiff “carries the burden of producing sufficient evidence of the essential elements of the claim at the summary-judgment stage, as [he] would carry the burden of production at trial.” Id.
¶ 8. The Garsons argue that Karen’s sworn answers to factual interrogatory questions and sworn deposition testimony were not self-serving and conclusory as the circuit court found when it granted Circus Circus’s motion for summary judgment. They submit that these answers and testimony were sufficient to show a genuine issue of material fact.
¶ 9. Mere “proof of an injury is not the basis for premises liability.” Gusman, 121 So.3d at 965 (¶ 9) (quoting Almond v. Flying J Gas Co., 957 So.2d 437, 439 (¶ 7) (Miss.Ct.App.2007)). Rather, the negligence of the business owner must be shown. Id. To succeed on a premises-liability claim, the plaintiff must show: “(1) a negligent act by the defendant caused the plaintiffs injury; or, (2)[the] defendant had actual knowledge of a dangerous condition, but failed to warn the plaintiff of the danger; or, (3) the dangerous condition remained long enough to impute constructive knowledge to the defendant.” Stanley v. Boyd Tunica Inc., 29 So.3d 95, 97 (¶ 9) (Miss.Ct.App.2010) (quoting Byrne v. Wal-Mart Stores Inc., 877 So.2d 462, 465 (¶ 5) (Miss.Ct.App.2003)). “All three types of premises-liability claims require a showing of a dangerous condition. In other words, a ‘property owner cannot be found liable for the plaintiffs injury where no dangerous condition exists.” ’ Id. at 97-98 (¶ 10) (quoting Delmont v. Harrison Cnty. Sch. Dist., 944 So.2d 131, 133 (¶5) (Miss.Ct.App.2006)).
*935 ¶ 10. The Garsons have presented no evidence that the bed was a dangerous condition. Assuming arguendo that the bed was a dangerous condition, they failed to show that Circus Circus caused the dangerous condition or that Circus Circus had actual or constructive knowledge of the bed’s dangerous condition. The sole evidence of the bed’s condition comes from Karen’s deposition testimony that the dangerous condition in the hotel room was that “[t]he bed was moved. You could [not] see it. It was a hidden obstacle.” At her deposition, she could not explain what caused the bed frame to stick out or how long the bed frame had been in that position. Karen’s affidavit, as it reiterates statements from her deposition, is also insufficient to overcome Circus Circus’s motion for summary judgment. “Not every affidavit presented for a court’s consideration is competent summary-judgment evidence[.]” Karpinsky, 109 So.3d at 91 (¶ 21) (citing Sweet v. TCI MS, Inc., 47 So.3d 89, 93 (¶ 19) (Miss.2010)).
¶ 11. The Garsons failed to offer any proof that the bed frame, which caused her injury, was a result of a dangerous condition caused by any negligent act or omission of Circus Circus. As the circuit court pointed out, the Garsons had “ample opportunity to conduct discovery to find some proof to substantiate [Karen’s] claim that Gold Strike caused or knew about the alleged hazardous condition.” The Gar-sons did not carry their burden of producing sufficient evidence to establish each element of their premises-liability claim. Without additional supporting evidence, her statements are not sufficient to create a genuine issue of material fact.
¶ 12. We find that the circuit court did not err in granting Circus Circus’s motion for summary judgment.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.