GRIFFIS, P.J.,
dissenting:
¶21. The majority reverses and remands the trial court order granting summary judgment to Aydha. I. disagree and respectfully dissent.
¶22. The majority finds each of Ev.ans’s issues on appeal involves genuine issues of material fact. However, I. am of the opinion that no genuine issue of material fact exists as to every element of Evans’s claim, and the trial court correctly granted summary judgment. I would find that Evans failed to present sufficient evidence that Aydha had constructive knowledge of the spot.
¶ 23. The majority correctly notes the elements for Evans’s premises-liability claim. Evans must specifically prove: “(1) a negligent act by the defendant caused the plaintiff’s injury; or, (2) that defendant had actual knowledge of a dangerous condition, but failed to warn the plaintiff of the danger; or, (3) the dangerous condition remained long enough to impute constructive knowledge to., the defendant.” Byrne v. Wal-Mart Stores Inc., 877 So.2d 462, 465 (¶ 5) (Miss.Ct.App.2003) (quoting Downs v. Choo, 656 So.2d 84, 86 (Miss.1995)).
¶24. In Byrne, the plaintiff (Byrne) claimed she fell on an unidentified substance, which she believed was a cookie, in a store aisle. Id. at 464 (¶2). Byrne, however, could not identify the particular substance, prove the store knew of the substance, or show how long the substance was in the aisle to impute constructive knowledge to the store. Id. at 465-66 (¶57 7, 9). This Court stated that “[pjroof merely ,of the occurrence of a fall on a floor within-[a] , business premises is insufficient to show negligence on the part of the proprietor. Proof that the floor on which the fall occurred had present thereon litter and debris is similarly insufficient.” Id. at 465 (¶ 6) (quoting Sears, Roebuck & Co. v. Tisdale, 185 So.2d 916, 917 (Miss.1966)). Therefore, this Court affirmed the. summary-judgment order because Byrne failed to meet her burden under Downs. Id. at 466 (¶ 10).
¶ 25. Similar to Byrne, Evans did not demonstrate that Aydha had actual or constructive knowledge of the spot to meet the knowledge requirement under Doums. Evans admits she cannot prove actual knowledge, but relies on the constructive-knowledge prong.
,¶ 26. “Constructive knowledge is established where the condition is shown to have existed for such a length of time that the operator, through the exercise of reasonable care, should have known of ... its existence.” Almond v. Flying J. Gas Co., 957 So.2d 437, 439 (¶8) (Miss.Ct.App.2007) (citing Munford, Inc. v. Fleming, 597 So.2d 1282, 1284 (Miss.1992)). Evans testified in *1232 her deposition that she could not identify the substance or the length of time the substance stayed on the concrete. In rebuttal to Aydha’s motion for a summary judgment, Evans proffered the affidavit of her daughter, Loyd.
¶ 27. Loyd stated that when she arrived at the scene, she noticed her mother’s car, and observed a black spot "where my mother slipped and fell near the gas pump.” Loyd further attested that “[t]he oily residue was mostly black, dirty and it was obvious to me that the oily substance had been on the pavement for an extended period of time, at least several days.” Loyd’s affidavit establishes the presence of a spot and her opinion of the length of time the spot was on the concrete. Loyd, however, did not observe her mother’s fall and could not attest to personal-knowledge of whether Evans fell on the spot identified by Loyd, especially in light of Evans’s failure to describe the condition of the spot herself.
¶ 28. ' The Almond court stated that “[this] court will not indulge presumptions for the deficiencies in [the] plaintiffs evidence as to the length of time the hazard existed!;] therefore, the plaintiff must produce admissible evidence as to the time period in order to establish the operator’s constructive knowledge. The plaintiff must present specific proof as to the relevant actual length of time.” Id. (citations omitted). Almond is comparable.
¶ 29. Like here, Almond claimed she fell on a slick spot at a gas station. Id. at 438 (¶1). Almond could neither identify the substance nor how long the substance was on the ground. Id. at (¶3). This Court affirmed the summary-judgment order and found that Almond failed to offer admissible evidence to establish the length of time the substance was there in order to establish constructive knowledge. Id. at 440 (¶ 10).
¶ 30. Evans attempts tó distinguish her case from Almond because the defendant in Almond produced an affidavit regarding the cleaning practices of the gas station, unlike Aydha, who had no cleaning policy in place. This difference, however, is not dispositive. Aydha does not bear the burden to disprove Evans’s assertion of constructive knowledge. Rather the burden falls to Evans to prove the condition of the spot in order to establish constructive knowledge.
¶ 31. This case is distinguishable from Almond in one sense. Evans did produce Loyd’s affidavit as evidence of the spot’s condition, in contrast to Almond. But the persuasiveness of Loyd’s affidavit depends on the inference that the spot Loyd identified was1 the same spot Evans slipped on. This Court, however, rejected Almond’s argument based on similar inferences. Id. Therefore, Evans failed to produce sufficient evidence to support the constructive-knowledge element of her claim to withstand the summary-judgment challenge.
¶ 32. Based on the precedents in Byrne and Almond, I would find Evans did not present sufficient evidence for all of the elements of her claim to establish a genuine issue of material fact to overcome summary judgment. Thus, I would affirm the trial court’s grant of summary judgment to Aydha.
CARLTON, J., JOINS THIS OPINION.'